932 F.2d 981
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Balbino D. ZUNIGA, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 91-3080.
 United States Court of Appeals, Federal Circuit.
 April 12, 1991.
 
 Before RICH, MAYER and CLEVENGER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Balbino D. Zuniga ("Zuniga") petitions for review of the final decision of the Merit Systems Protection Board ("Board") holding that he was not entitled to an annuity under the Civil Service Retirement Act ("CSRA"). Zuniga v. OPM, No. SE08318910333, Opinion and Order (M.S.P.B. Sept. 24, 1990). We dismiss the petition for want of jurisdiction.
 
 OPINION
 
 2
 The Government contends that we lack jurisdiction to hear this case because Zuniga's petition for review was stamped by this Court's Clerk as "received" on November 16, 1990, more than thirty days after Zuniga received the Board's final decision, as demonstrated by a return receipt signed by Zuniga and dated October 10, 1990. Congress has provided in 5 U.S.C. Sec. 7703(b)(1) (1988) that, in pertinent part:
 
 
 3
 Notwithstanding any other provision of law, any petition for review must be filed within 30 days after the date the petitioner received notice of the final order or decision of the Board.
 
 
 4
 Our case law supports the contention that the thirty day period begins to run upon actual receipt by the petitioner or a designated representative, whichever is earlier. Monzo v. Dep't of Transportation, 735 F.2d 1335, 1336 (Fed.Cir.1984) ("the date of receipt by petitioner's counsel is irrelevant where petitioner himself actually received notice"); Ramos v. United States, 683 F.2d 396, 399 (Ct.Cl.1982) (receipt by wife "constituted notice to petitioner within the meaning" of the statute). While we may have authority to determine when a petition for review is received by this court, see Charlson Realty Co. v. United States, 384 F.2d 434, 445 (Ct.Cl.1967), we are without authority to increase the thirty day time limit which is "statutory, mandatory, jurisdictional, and bars the claim here." Monzo, 735 F.2d at 1336; see also Fed.R.App.P. 25(a). Since Zuniga's petition for review was not timely filed, we lack jurisdiction to reach the merits of this case.